IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **GABRIEL DE LA VEGA,** <br><br> **Plaintiff,** <br><br> v. <br><br> **AMAZON (USA), INC.,** <br><br> **Defendant.** | **CIVIL ACTION NO.** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Gabriel De La Vega ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint against Defendant Amazon (USA), Inc., ("Defendant" or "Amazon") as follows:

**NATURE OF THE ACTION**

1. This is an action for violation of 35 U.S.C. §§ 271(a) and 35 U.S.C. §§ 271(b). This is a patent infringement action to stop Defendant's infringement of United States Patent No. 10,205,986 ("the '986 Patent") entitled "Streaming Video Selection System and Method". A true and correct copy of the '986 Patent, ("patent in suit") is attached hereto as Exhibit A. Plaintiff is the owner of the '986 Patent. Plaintiff seeks monetary damages and injunctive relief.

**PARTIES**

2. Plaintiff is an individual having a primary residence located in Las Vegas, Nevada.

3. Upon information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 410 Terry Ave N, Seattle, WA 98109. Defendant can be served with process by serving Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

1

## **JURISDICTION AND VENUE**

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

5. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over Defendant because Defendant is present within or has minimum contacts within the State of Texas and the Western District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Western District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Western District of Texas; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in the Western District of Texas. Further, this Court has personal jurisdiction over Defendant because it has a brick and mortar location at 2093 Rutland Dr, Austin, TX 78758 and regularly does business at this address and has purposely availed itself of the privileges and benefits of the laws of the State of Texas.

7. More specifically, Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and the Western District of Texas including but not limited to the Accused Instrumentalities as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in the Western District of Texas. Defendant solicits and has solicited customers in the State of Texas and in the Western District of Texas. Defendant has paying customers who are residents of the State of Texas and the Western District of Texas and

who each use and have used the Defendant's products and services in the State of Texas and in the Western District of Texas.

8.      Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §§ 1400(b). On information and belief, Defendant has a retail store in this 2093 Rutland Dr, Austin, TX 78758 and regularly does business as this address and has directly and/or indirectly committed acts of patent infringement in this district.

## THE ASSERTED PATENT

9.      This lawsuit asserts causes of action for infringement of United States Patent No. 10,205,986.

10.     On February 12, 2019, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 10,205,986 ("the '986 Patent") entitled "Streaming Video Selection System and Method" to Gabriel De La Vega who is the owner of the '986 Patent and holds all right, title and interest to the '986 Patent. A true and correct copy of the '986 Patent is attached as Exhibit A.

11.     Claim 1 of the '986 Patent describes, among other things:

A method for selecting streaming image content from a network comprising:

> Providing real-time streaming image content output by a camera from at least one mobile content provider;
> Coupling said real-time streaming image content from said mobile content provider camera to the network using a networked computer in conjunction with cellular telephony, wherein said real-time streaming image content provided by said mobile content provider is acquired while in motion within the cellular telephony coverage area;
> Presenting said real-time streaming image content from said mobile content provider on a server homepage for selection; and
> Selecting said real-time streaming image content from said at least one mobile content provider presented on said homepage for viewing in real-time over the Internet, wherein a viewer filters the real-time streaming image content by selection criteria comprising at least one of a location, a name, a type, and an audio commentary.

12.     Claim 9 of the '986 Patent describes, among other things:

A system for selecting streaming image content output by a camera from at least one mobile content provider;

> Means for coupling said real-time streaming image content from said mobile content provider camera to the network using a networked computer in conjunction with cellular telephony, wherein said real-time streaming image content provided by said mobile content provider is acquired while in motion within the cellular telephony coverage area;
> Means for presenting said real-time streaming image content from said mobile content provider on a server homepage for selection.
> Means for presenting filtered content by selection criteria filtered by a viewer, the selection criteria comprising at least one of a location, a name, a type, and an audio commentary of said real-time streaming image content on the homepage; and
> Means for selecting said real-time streaming image content from said mobile content provider presented on said homepage for viewing in real-time over the Internet.

13. The '986 Patent is owned by Gabriel De La Vega and the technology covered by said patent was developed by Gabriel De La Vega.

14. The patent in suit is valid and enforceable.

## BROADCASTING IMAGES IN A COMMUNICATIONS NETWORK

15. The filing date of the '986 Patent was on August 4, 2004. During this time period 3G technology was being taken over in Europe and was just beginning to be introduced in the United States. Even with this technology, the data rates could not support live streaming video unless the person taking the video was standing still and not in motion.[1] The claims in the '986 patent require that the user taking the video be in motion.

16. Additionally, residential internet use was limited to cable or DSL connections. The bandwidth for these internet communication technologies was barely enough to enable viewing of 480p30 live streaming videos.

---

[1] 3G symbolized another major progression for mobile wireless technology. Not only did data speeds improve again with speeds of up to 2Mbps for indoor or stationary users, ***384kbps for pedestrians and 144kbps for moving vehicles.*** *See* https://blog.oneringnetworks.com/the-evolution-of-mobile-internet.

4

17. The invention embodied in the '986 Patent allows a user to be in motion while taking a video using cellular telephony for the purpose of live streaming said video on a content providers homepage wherein another user may filter the displayed videos by name, location, geography etc. At the time of the filing of the '986 Patent this was impossible in the prior art.

## COUNT I – PATENT INFRINGEMENT OF U.S. PATENT NO. 10,205,986

18. Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-17 above.

19. The '986 patent was duly and legally issued by the United States Patent and Trademark Office on February 12, 2019 after full and fair examination. Plaintiff is the owner of the '986 patent and possesses all rights of recovery under the '986 patent, including the exclusive right to sue for infringement and recover past damages and obtain injunctive relief.

20. Defendant owns, uses, operates, advertises, controls, sells, tests, and/or otherwise provides apparatus, systems, and methods that infringe the '986 patent. The '986 patent provides, among other things, (1) "a method for selecting streaming image content from a network comprising, providing real-time streaming image content output by a camera from at least one mobile content provider; (2) coupling said real-time streaming image content from said mobile content provider camera to the network using a networked computer in conjunction with cellular telephony, wherein said real-time streaming image content provided by said mobile content provider is acquired while in motion within the cellular telephony coverage area; (3) presenting said real-time streaming image content from said mobile content provider on a server homepage for selection; and (4) selecting said real-time streaming image content from said at least one mobile content provider presented on said homepage for viewing in real-time over the Internet, wherein a viewer filters the real-time streaming image content by selection criteria comprising at least one of a location, a name, a type, and an audio commentary."

5

21. Defendant has been and is now infringing the '986 patent in the State of Texas, in this judicial district, and elsewhere in the United States by, among other things, directly and/or indirectly through intermediaries, making, using, importing, testing, providing, supplying, distributing, selling, and/or offering for sale systems and methods (including, without limitation, the Defendant's real-time streaming video functionality located on its website at https://www.twitch.tv/directory/all (last accessed October 10, 2019) and its companion application Twitch App for download at least https://apps.apple.com/us/app/twitch-live-game-streaming/id460177396 (last accessed October 10. 2019) identified herein as the "Accused Instrumentality") that provide a method and system for selecting a live streamed video based on certain search criteria, wherein said live streamed video is taken while in motion from a camera coupled to a computer for transmission of said streamed video via cellular telephony to a server that is covered by one or more claims of the '986 patent to the injury of Plaintiff.  Defendant is directly and/or indirectly infringing, literally infringing, and/or infringing the '986 patent under the doctrine of equivalents. Defendant is thus liable for infringement of at least claims 1 and 9 of the '986 patent pursuant to 35 U.S.C. § 271.

22. Amazon purchased Twitch on or about August 25, 2014 for $970,000,000. *See* https://www.businessinsider.com/amazon-buys-twitch-2014-8 (last accessed October 10, 2019).

23. Amazon utilizes and/or has utilized in the past the Twitch application to allow users to take live streaming video and upload them to be viewed on https://www.twitch.tv/directory/all and to be filtered by at least the name of the video and/or the type of video.

24. Defendant has had knowledge of the '986 patent and has had specific intent to infringe the '986 patent at least by the date of the filing of Plaintiff's Original Complaint.

25. Defendant infringes the '986 patent by completing each step of claim 1 for selecting streaming image content from a network comprising:

*source:* https://apps.apple.com/us/app/twitch-live-game-streaming/id460177396 (last accessed October 10, 2019).



*Source:* https://apps.apple.com/us/app/twitch-live-game-streaming/id460177396 (last accessed October 10, 2019).



*Source:* https://blog.twitch.tv/en/2017/07/05/new-twitch-mobile-app-available-now-aa527264091b/ (last accessed October 10, 2019).

7



*Source:* https://www.twitch.tv/directory/game/Special%20Events (last accessed October 10. 2019).



*Source:* https://www.twitch.tv/directory/all (last accessed October 10. 2019).

Providing real-time streaming image content output by a camera from at least one mobile content provider;

8



*Source:* https://apps.apple.com/us/app/twitch-live-game-streaming/id460177396 (last accessed October 10, 2019).



*Source:* https://blog.twitch.tv/en/2017/07/05/new-twitch-mobile-app-available-now-aa527264091b/ (last accessed October 10, 2019).

Description: Amazon provides an application called Twitch App which users may download and stream live video from their mobile device using the camera native to their mobile device.

> *Coupling said real-time streaming image content from said mobile content provider camera to the network using a networked computer in conjunction with cellular telephony, wherein said real-time streaming image content provided by said mobile content provider is acquired while in motion within the cellular telephony coverage area;*

9



*Source:* https://apps.apple.com/us/app/twitch-live-game-streaming/id460177396 (last accessed October 10, 2019).



*Source:* https://blog.twitch.tv/en/2017/07/05/new-twitch-mobile-app-available-now-aa527264091b/ (last accessed October 10, 2019).

   *Presenting said real-time streaming image content from said mobile content provider on a server homepage for selection; and*

10



*Source:* https://www.twitch.tv/directory/game/Special%20Events (last accessed October 10. 2019).



*Source:* https://www.twitch.tv/directory/all (last accessed October 10. 2019).

Description: Amazon provides an application for users' mobile devices to view and filter live streaming videos on the www.twitch.tv/directory/all homepage.

*Selecting said real-time streaming image content from said at least one mobile content provider presented on said homepage for viewing in real-time over the Internet, wherein a viewer filters the real-time streaming image content by selection criteria comprising at least one of a location, a name, a type, and an audio commentary.*



*Source:* https://www.twitch.tv/directory/game/Special%20Events (last accessed October 10. 2019).



*Source:* https://www.twitch.tv/directory/all (last accessed October 10. 2019).

Description: Users of the Twitch can search live streaming videos on the www.twitch.tv/directory/all homepage by typing in the name, keyword or type of the video they want to watch.

26.  Defendant also infringes under 35 U.S.C. § 271(b) by inducing infringement of the '986 patent in the State of Texas, literally or under the doctrine of equivalents, in this judicial district, and elsewhere in the United States, by, among other things, advising, encouraging, or otherwise inducing others to perform the steps and/or operate the systems claimed by the '986 patent to the injury of Plaintiff.  Defendant actively instructs their customers to use the Accused Instrumentality in a way that infringes the '986 patent. Since at least the filing date of the Original Complaint, Defendant has had knowledge of the '986 patent, and by continuing the actions described herein, has specific intent to induce infringement of the '986 patent pursuant to 35 U.S.C. § 271(b).

27. Specifically, Defendant advertises the Accused Instrumentality to its customers, and instructs its customers to operate the Accused Instrumentality in a way that infringes, such that when Defendant's customers follow Defendant's instructions, the '986 patent is infringed.

28. Since at least the filing date of the Original Complaint, Defendant has had knowledge of the '986 patent pursuant to 35 U.S.C. § 271(b), and by continuing the actions described above, by continuing to sell the Accused Instrumentality and instruct their customers to use the Accused Instrumentality in an infringing manner, Defendant has had specific intent to induce infringement of the '986 patent pursuant to 35 U.S.C. § 271(b).

29. Defendant specifically intended for its customers to infringe the '986 patent because Defendant continues to advertise and provide to its customers manuals and product information on their website that when followed necessarily infringe the '986 patent. *See* www.twich.com (last accessed October 10, 2019).

30. Defendant instructs its customers, such that when Defendant's customers follow Defendant's instructions, each of said customers necessarily use the Accused Instrumentality in an infringing manner as claimed in the '986 patent making Defendant's customers direct infringers of the '986 patent.

31. Defendant also infringes under 35 U.S.C. § 271(c) by contributing to infringement of the '940 patent in the State of Texas, literally or under the doctrine of equivalents, in this judicial district, and elsewhere in the United States, by, among other things, offering for sale, selling, and/or importing the Accused Instrumentality, and advising, encouraging, and contributing so that others can use the system and method claims claimed by the '986 patent making Defendant's customers direct infringers of the '986 patent.

32. Specifically, pursuant to 35 U.S.C. § 271(c), Defendant advertises, sells, and provides the Accused Instrumentality to its customers, and instructs its customers, such that when Defendant's customers follow Defendant's instructions, each of said customers necessarily infringe one or more systems claimed in the '986 patent making Defendant's customers direct infringers of the '986 patent.

33. The Accused Instrumentality that Defendant provides to its customers is designed specifically for use by their customers in an infringing manner. The functionality described in the '986 patent is necessary for the Accused Instrumentality provided by Defendant to its customers to work for its advertised purpose.

34. There is no substantial non-infringing use for the Accused Instrumentality because the Accused Instrumentality is especially made or adapted for use by its customers to infringe the '986 patent.

35. Defendant continues advising, encouraging, contributing, or otherwise inducing others to use the systems and complete each step of the methods claimed by the '986 patent to the injury of Plaintiff. Since at least the filing date of the Original Complaint, Defendant has had knowledge of the '986 patent, and by continuing the actions described above, has specific intent to induce infringement of the '986 patent by their customers by providing them with the Accused Instrumentality so that their customers could directly infringe the '986 patent pursuant to 35 U.S.C. § 271(c).

36. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

37. To the extent 35 U.S.C. § 287 is determined to be applicable, Plaintiff is informed and believes its requirements have been satisfied with respect to the '986 patent.

## JURY DEMAND

Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against the Defendant, and that the Court grant Plaintiff the following relief:

A. A judgment that Defendant directly and/or indirectly infringes one or more claims of the '986 patent;

B. Award Plaintiff damages in an amount adequate to compensate Plaintiff for Defendant's infringing products' infringement of the claims of the '986 patent, but in no event less than a reasonable royalty, supplemental damages and enhanced damages for any continuing post-verdict infringement until entry of the final judgment with an accounting as needed, under 35 U.S.C. § 284;

C. A permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendant and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '986 patent, or such other equitable relief the Court determines is warranted;

D. Award Plaintiff pre-judgment interest and post-judgment interest on the damages awarded, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the '986 patent by Defendant to the day a damages judgment is entered, and an award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid, at the maximum rate allowed by law; and an accounting of all damages not presented at trial;

E. A judgment and order finding this to be an exceptional case and requiring defendant to pay the costs of this action (including all disbursements), and attorneys' fees pursuant to 35 U.S.C. § 285;

F. Award a compulsory future royalty for the '986 patent; and

G. Award such further relief as this Court deems just and proper.

Dated: October 16, 2019                         Respectfully submitted,

                                                By: */s/ Paul W. O'Finan*
                                                **HANSLEY LAW FIRM, PLLC**
                                                Paul W. O'Finan

Texas Bar No.: 24027376
Austin Hansley*
Texas Bar No.: 24073081
13355 Noel Rd. STE 1100
Dallas, Texas 75240
Telephone: (972) 528-9321 Ext. 1000
Facsimile: (972) 370-3559
Email: ahansley@hansleyfirm.com
Email: pofinan@hansleyfirm.com
www.hansleyfirm.com
**ATTORNEYS FOR PLAINTIFF GABRIEL DE LA GARZA**
*pro hac vice motion to be filed*