# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

GABRIEL DE LA VEGA,

*Plaintiff,*

vs.

AMAZON (USA), Inc.,

*Defendant.*

**No. 6:19-CV-00618-ADA**

**Jury Trial Demanded**

## MOTION OF TWITCH INTERACTIVE, INC.
## TO INTERVENE AND STRIKE

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................1

FACTS ...............................................................................................3

    1.    Plaintiff's Complaint Names the Wrong Party, and
        Plaintiff Repudiates an Agreement to Fix It. ..............................3

    2.    Plaintiff's Next Two Complaints Exacerbated the
        Problem, and Still Name the Wrong Parties. ..............................5

ARGUMENT .......................................................................................6

    1.    Federal Rule of Civil Procedure 24(b) Allows for
        Permissive Intervention. ..........................................................6

    2.    Plaintiff's First and Second Amended Complaints Violate
        Rule 15, and Should Be Struck. ................................................8

    3.    Twitch Consents to an Amendment Naming It, but No
        Other Party. ............................................................................9

CONCLUSION ..................................................................................10

# TABLE OF AUTHORITIES

CASES

*A Stucki Co. v. Worthington Indus., Inc.,*
   849 F.2d 593 (Fed. Cir. 1986) ..................................................................10

*Cinpres Gas Injection Ltd. v. Volkswagen Group of Am., Inc.,*
   2012 WL 12542288 (E.D. Mich. Dec. 14, 2012) ........................................9

*City Bank v. Compass Bank,*
   2010 WL 1424275 (W.D.Tex. Apr. 6, 2010) ..............................................8

*De La Vega v. Google LLC,*
   19-cv-00617ADA..........................................................................................1

*De La Vega v. International Business Machines Corp.,*
   19-cv-00614ADA..........................................................................................1

*De La Vega v. Microsoft Corp.,*
   19-cv-00612ADA..........................................................................................1

*Doctors Hosp.1997 LP v. Beazley Ins.,*
   2009 WL 3719482 (S.D. Tex. Nov. 3, 2009) ..............................................8

*Farina v. Mission Inv. Trust,*
   615 F.2d 1068 (5th Cir. 1980) ....................................................................7

*Josephs v. Sigma-Aldrich Corp.,*
   2010 WL 11541827 (E.D. Mich. May 21, 2010) ........................................8

*Liberty Surplus Ins. Cos. v. Slick Willies of Am., Inc.,*
   2007 WL 2330294 (S.D. Tex. Aug. 15, 2007).............................................8

*Litinetsky v. Caliber Home Loans, Inc.,*
   2018 WL 6163132 (C.D. Cal. Apr., 23, 2018)............................................8

*Martinez v. Foods,*
   2013 WL 12394357 (W.D. Tex. Nov. 6, 2013) ..........................................8

*Reitz v. City of Abilene,*
   2018 WL 5634931 (N.D. Tex. Oct. 31, 2018)............................................9

*Security Ins. Co. of Hartford v. Schipporeit, Inc.,*
   69 F.3d 1377 (7th Cir. 1995) .....................................................................3

*Tegal Corp. v. Tokyo Electron Co., Ltd.*,
   248 F.3d 1376 (Fed. Cir. 2001)..................................................................10

*The Aransas Project v. Shaw*,
   2010 WL 2522415 (S.D. Tex. June 17, 2010).........................................7, 8

*United States v. Bestfoods*,
   524 U.S. 51 (1998)......................................................................................10

OTHER AUTHORITIES

Douglas & Shanks, *Insulation from Liability Through
   Subsidiary Corporations*, 39 Yale L.J. 193 (1929)...................................10

Fed. R. Civ. Proc. 12(b) ........................................................................................8

Fed. R. Civ. Proc. 12(e) ........................................................................................8

Fed. R. Civ. Proc. 12(f) .........................................................................................8

Fed. R. Civ. Proc. 15 .............................................................................................8

Fed. R. Civ. Proc. 15(a) ..................................................................................2, 8, 9

Fed. R. Civ. Proc. 15(a)(1) ................................................................................8, 9

Fed. R. Civ. Proc. 16 .........................................................................................1, 3

Fed. R. Civ. Proc. 24 .............................................................................................6

Fed. R. Civ. Proc. 24(a) ........................................................................................6

Fed. R. Civ. Proc. 24(b) ........................................................................................6

Fed. R. Civ. Proc. 24(b)(1)(B) ..............................................................................6

Fed. R. Civ. Proc. 24(b)(2) ................................................................................2, 3

Fed. R. Civ. Proc. 24(b)(3) ................................................................................3, 6

## INTRODUCTION

Twitch Interactive, Inc. finds it necessary to intervene in a case in which it has neither been named nor served. Twitch takes this unusual step because to do otherwise risks wasting valuable Court resources, duplicating efforts, and potentially prejudicing Twitch.

In this case, Plaintiff asserts the same patent he asserts in his three other cases pending before this Court.[1] Plaintiff's other cases are set for hearings on motions to dismiss and Rule 16 conferences. In the normal course, all four cases would be subject to complementary schedules, minimizing the burden on the Court and the parties and ensuring consistency of rulings. But for reasons known only to Plaintiff, Plaintiff has made such a procedural hash out of this case that it falls to an unnamed and unserved party to untangle it.

What Plaintiff seems to have wanted to do is to sue Twitch for supposed patent infringement. Plaintiff alleges that Twitch's website and application infringe Plaintiff's U.S. Patent No. 10,205,986 (the "'986 patent"). But venue over Twitch in this district would be improper. So instead of suing Twitch, Plaintiff tried to sue Twitch's parent, Amazon.com, Inc. In doing so, Plaintiff actually named—and served—an unrelated entity that has nothing whatsoever to do with either Twitch or Amazon.com, Inc.

After learning of the complaint, Twitch recognized that a case against it would need to be coordinated with Plaintiff's other cases, and so tried to aid Plaintiff in bringing the proper parties before the Court. Twitch informed counsel for Plaintiff that Twitch controls the accused website and application, and

---

[1] *De La Vega v. Microsoft Corp.*, 19-cv-00612ADA; *De La Vega v. Google LLC*, 19-cv-00617ADA; *De La Vega v. International Business Machines Corp.*, 19-cv-00614ADA.

that Twitch would (1) accept service of a complaint naming it, and (2) consent to venue in the Austin division of this district so that this case could keep pace with Plaintiff's three other matters and be tried in Austin.

After accepting this offer in writing, Plaintiff later repudiated it. Then Plaintiff made procedural matters worse by filing two improper amendments. In the first amendment, Plaintiff named a holding company that has nothing to do with Twitch, and in the second amendment, Plaintiff named Amazon.com, Inc.—Twitch's actual parent—but did not name Twitch. Neither amendment was proper since both were filed more than twenty-one days after service (on the unrelated entity named in the original complaint) and without consent or leave of Court. Moreover, despite the fact that over ninety days have passed since filing the original complaint, Plaintiff has yet to serve the second amended complaint. As a result, neither Twitch nor Amazon.com, Inc. are currently before the Court.

Twitch files this Motion, not for the sake of some meaningless procedural gambit, but rather, to do what Plaintiff should want done: Get this case on track, before this Court, and with the proper party who can answer Plaintiff's allegations. Twitch, thus, respectfully asks the Court to (1) permit Twitch to intervene pursuant to Federal Rule of Civil Procedure 24(b)(2); and (2) strike Plaintiff's first and second amended complaints, as each violates Federal Rule of Civil Procedure 15(a). To properly align the pleadings, Twitch consents to a further amendment of the complaint to name *only* Twitch. But to be clear, neither Twitch nor Amazon.com, Inc. consent to an amendment naming Amazon.com, Inc. Such an amendment would be futile, as Twitch, not Amazon.com, Inc., controls the accused website and application and Twitch is a separate entity from Amazon.com, Inc. Also, because one of the factors the Court considers in allowing

permissive intervention under Rule 24(b)(2) is whether "the intervention will unduly delay or prejudice the adjudication of the original parties' rights,"[2] Twitch consents to venue in the Austin division of this district (which, absent consent, would be improper). Twitch also respectfully requests that the Court stay the Rule 16 conferences in Case Nos. 19-cv-00612ADA, 19-cv-00617ADA, and 19-cv-00614ADA to allow this case to be coordinated with those matters.[3]

## FACTS

### 1.  Plaintiff's Complaint Names the Wrong Party, and Plaintiff Repudiates an Agreement to Fix It.

Plaintiff's original complaint asserted U.S. Patent No. 10,205,986 (the "'986 patent") against a company called "Amazon (USA), Inc." Plaintiff represents that on October 11, 2019, he served Amazon (USA), Inc.[4] Amazon (USA), Inc. is unrelated to either Amazon.com, Inc. or Twitch.[5]

The '986 patent purports to claim methods for "streaming image content from a network," and the original complaint alleged that the "Defendant's real-time streaming video functionality located on its website at https://www.twitch.tv/directory/all … and its companion application Twitch App" infringed the '986 patent.[6] The website and application identified in the original complaint are owned by Twitch Interactive, Inc.[7] While Twitch is a

---

[2] Fed. R. Civ. Proc. 24(b)(3); *see also Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1381 (7th Cir. 1995).

[3] Defendants' counsel in these three matters have informed Twitch that they have no objections to a short delay in the currently scheduled Rule 16 conferences to synchronize the cases.

[4] Declaration of Grant Kinsel ["Kinsel Decl."], ¶ 4, Ex. 2.

[5] *Id.* at ¶ 2.

[6] Dkt. 1 at ¶ 21.

[7] Declaration of Jordan Gimbel ["Gimbel Decl."], ¶ 4.

subsidiary of Amazon.com, Inc., it is—and has at all times since its acquisition remained—a separate entity from Amazon.com, Inc.[8]

After learning of the complaint and in hopes of moving the case along, Twitch reached out to Plaintiff to identify the proper defendant—Twitch—and to consent to venue in the Austin division of this district. So, on November 14, 2019, Twitch's counsel contacted Plaintiff's counsel by phone, and explained that "Amazon (USA), Inc.," apparently a Delaware company formed in 1985, is not an Amazon.com entity (much less the entity that owns Twitch).[9] Counsel also explained that Twitch is separate from Amazon.com, Inc., that Twitch owns and controls the accused website and application, and that Twitch would be the proper defendant in this case.[10] Counsel for Twitch further explained that Twitch would accept service of the complaint, consent to venue in the Austin division of this district, and keep the related cases before the same Court.[11] Twitch asked only that if trial was necessary, that it proceed in Austin instead of Waco.[12]

Twitch's proposal made sense. Under Twitch's proposal (1) this Court would preside over all four actions—as Plaintiff presumably wanted, (2) the parties would have avoided motion practice over proper venue, (3) Plaintiff would have been able to expedite service of process, and (4) the proper parties would be before the Court and ready to proceed. And Plaintiff agreed this made sense. Until he didn't.

---

[8] *Id.* at ¶ 3.
[9] Kinsel Decl., ¶ 2.
[10] *Id.*
[11] *Id.*
[12] *Id.*

## 2. Plaintiff's Next Two Complaints Exacerbated the Problem, and Still Name the Wrong Parties.

Mere hours after agreeing with Twitch, Plaintiff changed his mind, repudiated his agreement, and then proceeded to make matters worse.[13]

On November 14—twenty-four days after Plaintiff served Amazon (USA), Inc.—Plaintiff filed an amended complaint, this time against "Amazon, Inc." Plaintiff's email conveying the amendment stated, "I have attached the Amended Complaint. Look forward to seeing you in Court (in Waco)."[14] But the named entity, while a subsidiary of Amazon.com, Inc., also does not own Twitch; it provided services for certain websites located outside the United States.[15] Amazon, Inc. has nothing to do with Twitch or the allegations in the amended complaint, and since it was neither incorporated in Texas nor has any physical presence in Texas, venue and jurisdiction would not exist here. Counsel for Twitch so informed Plaintiff's counsel.[16]

About a week later, Plaintiff—for a second time—amended the complaint. This time, Plaintiff named Amazon.com, Inc., the Amazon entity that owns Twitch.[17] But while alleging infringement by Twitch's website and application, the amended complaint still failed to name Twitch. Plaintiff requested issuance of a summons in the name of "Amazon.com, Inc.," but the summons that issued appears to have been issued to "Amazon (USA), Inc."—the entity named in Plaintiff's original complaint.[18] To this day, neither Twitch nor Amazon.com, Inc. have been served with any complaint in this case.

---

[13] *Id.* at ¶ 2–3, Ex. 1.

[14] Kinsel Decl., ¶ 5, Ex. 3.

[15] Kinsel Decl., ¶ 6, Ex. 4.

[16] *Id.*

[17] Dkt. No. 10.

[18] Dkt. No. 14 (Summons issued to "Amazon (USA), Inc.")

## ARGUMENT

**1.    Federal Rule of Civil Procedure 24(b) Allows for Permissive Intervention.**

Intervention is controlled by Federal Rule of Civil Procedure 24. There are two types of intervention: (1) intervention as a matter of right controlled by Rule 24(a); and (2) permissive intervention controlled by Rule 24(b). Twitch moves for permissive intervention under Rule 24(b).

Permissive intervention is entrusted to the discretion of the Court, and requires only a showing that the intervening party have "a claim or defense that shares with the main action a common question of law or fact," and that "intervention will [not] unduly delay or prejudice the adjudication of the original parties' rights."[19] Also, a motion to intervene must be "accompanied by a pleading that sets out the claim or defense for which intervention is sought." Each requirement is satisfied here.

The commonality requirement—that the intervening party have a claim or defense that shares common questions of law or fact with the main action—is obvious: Plaintiff asserts that Twitch's website and application infringe the asserted patent.[20] Twitch, as the owner and developer of the accused website and application, has an obvious interest in demonstrating both noninfringement and invalidity. Simply put, this action is about Twitch, not Amazon. Thus, clearly Twitch has defenses, specifically noninfringement and invalidity, that are common with the main action—indeed, they *are* the main action.

The second requirement—that intervention not unduly delay the main action—is also satisfied. That Plaintiff filed his original complaint in October and

---

[19] Fed. R. Civ. Proc. 24(b)(1)(B), (b)(3).
[20] Dkt. 10,  ¶¶ 21, 28.

still has not served it, suggests that there are no significant timing issues from Plaintiff's point of view. Moreover, far from delaying the main action, Twitch's intervention motion seeks to speed it up by bringing the proper parties before the Court. In fact, in view of Twitch's consent to venue in the Austin division of this district, Twitch's motion is the opposite of a delay tactic.

While Twitch has not attached to this motion an answer or other pleading, the third requirement—that the motion be "accompanied by a pleading"—is also satisfied. In the Fifth Circuit, courts generally do not require a formal pleading—an answer or complaint, for example—to grant intervention, so long as the claim or defense at issue is clear from the intervention request itself. For instance, in *Farina v. Mission Investment Trust*, the Fifth Circuit allowed intervention in the absence of a formal motion to intervene, let alone the accompanying pleading.[21] Similarly, in *The Aransas Project v. Shaw*, the court in the Southern District granted a motion to intervene where the proposed intervenor had "presented the interests it seeks to protect, and clearly indicated its position in this litigation," but had not attached a formal pleading.[22]

The reason Twitch has not included a formal pleading with this motion is the ambiguity in the pleadings. That is, Twitch seeks to strike the two amended complaints, and the original complaint names an unaffiliated third party. Given the state of the pleadings, it is unclear which of the current complaints, if any, Twitch should respond to. Moreover, as discussed below in Section 3, Twitch consents to Plaintiff amending the complaint to name Twitch, and if Plaintiff does so, Twitch will promptly respond to that complaint as required under the

---

[21] 615 F.2d 1068, 1074 (5th Cir. 1980).
[22] 2010 WL 2522415, at *7 (S.D. Tex. June 17, 2010).

Rules. Moreover, there is only one claim asserted in the complaints and it expressly identifies Twitch's website and application as supposedly infringing, thereby removing any ambiguity as to which specific claim Twitch seeks intervention. Thus, the Court can[23]—and should—grant Twitch's request to intervene even in the absence of a formal pleading accompanying this motion.

## 2.   Plaintiff's First and Second Amended Complaints Violate Rule 15, and Should Be Struck.

Federal Rule of Civil Procedure 15 controls amending and supplementing pleadings. Under Rule 15(a)(1), "[a] party may amend its pleading once as a matter of course" "21 days after serving it" or "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." District courts strike amendments to complaints filed more than twenty-one days after service of the original complaint.[24]

Plaintiff filed both his first and second amended complaints more than twenty-one days after he served his original complaint on Amazon (USA), Inc. Plaintiff filed his first amendment (naming Amazon, Inc.) on November 14—twenty-four days after serving Amazon (USA), Inc. And Plaintiff filed his second amendment (naming Amazon.com, Inc.) on November 22—thirty-nine days after serving Amazon (USA), Inc. Thus, under Rule 15(a) these amendments are

---

[23] *Id.*; *see also*, *Liberty Surplus Ins. Cos. v. Slick Willies of Am., Inc.*, 2007 WL 2330294, at *2 (S.D. Tex. Aug. 15, 2007) (allowing intervention without pleading); *Doctors Hosp.1997 LP v. Beazley Ins.*, 2009 WL 3719482, at *4 (S.D. Tex. Nov. 3, 2009) (same); *City Bank v. Compass Bank*, 2010 WL 1424275, at *7 (W.D. Tex. Apr. 6, 2010) (same).

[24] *Josephs v. Sigma-Aldrich Corp.*, 2010 WL 11541827, at *2 (E.D. Mich. May 21, 2010) (Striking second amended complaint).

*See also, Martinez v. Foods*, 2013 WL 12394357, at *2 (W.D. Tex. Nov. 6, 2013); *Litinetsky v. Caliber Home Loans, Inc.*, 2018 WL 6163132, at *1 (C.D. Cal. Apr., 23, 2018).

improper and should be struck.

Plaintiff's second amended complaint is improper for an additional and in-dependent reason—it was a second try. Under Rule 15(a), a party only gets one amendment as a matter of course; all other amendments require consent or leave of court. Rule 15(a) says: "A party may amend its pleading *once* as a matter of course."[25] Courts interpret this as a one-and-done provision: "Rule 15(a)(1) pro-vides only a single opportunity to amend 'once as a matter of course.'"[26] Having failed to obtain either consent or leave of Court for his second amendment, it is improper for this additional reason.

### 3.   Twitch Consents to an Amendment Naming It, but No Other Party.

Twitch is the owner and developer of the accused website and application. The products clearly do not infringe Plaintiff's patent, which is invalid on its face. Twitch will gladly demonstrate that. So, Twitch consents to Plaintiff amend-ing this complaint to name Twitch as a defendant, and upon being named, will promptly respond.[27]

But neither Twitch nor Amazon.com, Inc. consent to an amendment that would name Twitch's parent company Amazon.com, Inc., as such an amendment would be futile. Plaintiff's theory against Amazon.com, Inc. is essentially

---

[25] Fed. R. Civ. Proc. 15(a)(1) (emphasis added).

[26] *Reitz v. City of Abilene*, 2018 WL 5634931, at *1 (N.D. Tex. Oct. 31, 2018); *see also*, *Cinpres Gas Injection Ltd. v. Volkswagen Group of Am., Inc.*, 2012 WL 12542288, at *1 (E.D. Mich. Dec. 14, 2012) (Striking second amendment).

[27] Twitch has no offices in the Western District of Texas, and so venue does not lie against Twitch here. But for purposes of efficiency and to avoid further mo-tion practice, Twitch will consent to this case being brought in the Austin divi-sion of the Western District of Texas and retained on this Court's docket in that division.

*respondeat superior*—that Amazon.com, Inc. is supposedly liable for infringement by virtue of its ownership of Twitch. But as the U.S. Supreme Court recognized in *United States v. Bestfoods*, "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries."[28] For a parent to be liable for direct infringement of a subsidiary, evidence must reveal circumstances justifying "disregard of the status of [the subsidiary and the parent] as distinct, separate corporations,"[29] or that the parent actually "formulates, directs or controls"[30] the subsidiary's operations.

Plaintiff has not, and cannot, allege facts sufficient to show circumstances justifying disregard of the corporate form. Any amendment to try to bring Amazon.com, Inc. into this case would, therefore, be futile.

## CONCLUSION

Given that Plaintiff's three other cases are proceeding, it is high time to get this one on track too. Thus, the Court should grant Twitch's request to intervene, and should strike Plaintiff's improper first and second amended complaints. The Court should direct Plaintiff to file an amended complaint against Twitch if Plaintiff wishes to proceed or dismiss the case if he does not, so that this case can be coordinated with Plaintiff's three other matters. Finally, the Court should hold any trial in this matter in Austin.

---

[28] 524 U.S. 51, 61 (1998) (quoting, Douglas & Shanks, *Insulation from Liability Through Subsidiary Corporations*, 39 Yale L.J. 193 (1929)).
[29] *A Stucki Co. v. Worthington Indus., Inc.*, 849 F.2d 593, 596 (Fed. Cir. 1986).
[30] *Tegal Corp. v. Tokyo Electron Co., Ltd.*, 248 F.3d 1376, 1379 (Fed. Cir. 2001).

Dated: January 28, 2020

*Of Counsel*:
Grant Kinsel
California State Bar No. 172407
(motion for *pro hac vice* to be filed)
email: gkinsel@perkinscoie.com

Christopher Marth
California State Bar No. 323822
(motion for *pro hac vice* to be filed)
email: cmarth@perkinscoie.com

PERKINS COIE, LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Tel:    206.359.3516
Fax:    206.359.9000

Respectfully submitted,

By: */s/ Jennifer Librach Nall*
Jennifer Librach Nall
Texas State Bar No. 24061613
BAKER BOTTS LLP
98 San Jacinto Blvd., Suite 1500
Austin, TX 78701-4078
Tel:    512.322.2507
Fax:    512.322.3607
jennifer.nall@bakerbotts.com

*Attorneys for TWITCH*
*INTERACTIVE, INC.*

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

GABRIEL DE LA VEGA,

     Plaintiff,

vs.

TWITCH INTERACTIVE, INC.,

    Defendant.

**No. 6:19-CV-00618-ADA**

**Jury Trial Demanded**

# DECLARATION OF JORDAN GIMBEL IN SUPPORT
# OF TWITCH INTERACTIVE, INC.'S MOTION
# TO INTERVENE AND STRIKE

I, Jordan Gimbel, declare:

1.      I make this declaration on the basis of personal knowledge, and if called to testify as a witness, I would and could testify competently hereto.

2.      I am the Deputy General Counsel of Twitch Interactive, Inc. ("Twitch") I have held this position since approximately April 2016.

3.      Twitch is incorporated in Delaware, and is headquartered in San Francisco, California. While Twitch is a subsidiary of Amazon.com, Inc., it has, at all times since its acquisition, operated as a separate company.

4.      Twitch owns, operates, develops, and is responsible for, the twitch.tv website as well as the Twitch application. Twitch employees located primarily in Twitch's San Francisco headquarters manage the engineering operations for the twitch.tv website and Twitch application. The teams that design, develop, and continue to design and develop that platform are Twitch employees also located primarily at Twitch's San Francisco, California headquarters.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed January 27, 2020, at San Francisco, California,

_____/s/ Jordan Gimbel_____
Jordan Gimbel

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

GABRIEL DE LA VEGA,

       Plaintiff,

vs.

TWITCH INTERACTIVE, INC.,

       Defendant.

**No. 6:19-CV-00618-ADA**

**Jury Trial Demanded**

## DECLARATION OF GRANT KINSEL IN SUPPORT OF TWITCH INTERACTIVE, INC.'S MOTION TO INTERVENE AND STRIKE

I, Grant Kinsel, declare:

1.      I make this declaration on the basis of personal knowledge, and if called to testify as a witness, I would and could testify competently hereto.

2.      On November 14, 2019, I contacted Paul O'Finan of the Hansley Law Firm, counsel for Plaintiff. During the call, I informed Mr. O'Finan that the party named in Plaintiff's original complaint, Amazon (USA), Inc., was not related to either Amazon.com, Inc. or Twitch Interactive, Inc. I further informed Mr. O'Finan that in view of the allegations in Plaintiff's complaint, Twitch would be the proper defendant because Twitch is an separate entity from Amazon.com, Inc. and Twitch owns, controls, and operates the accused website and application. I proposed to Mr. O'Finan that Twitch would provide Mr. O'Finan with the proper name of the defendant, accept service on its behalf, and agree to forgo a Motion to Dismiss for Improper Venue, provided that Mr. O'Finan agree to maintain the case before the Court and agree to trial in the Austin division. Mr. O'Finan agreed to the proposal on the telephone. A few minutes later, I sent Mr. O'Finan an email confirming our agreement, to which Mr. O'Finan responded "Yes, I agree." A true and correct copy of my email to Mr. O'Finan and his response is attached as Exhibit "1."

3.      About one hour after Mr. O'Finan agreed to my proposal, I received another email from him. In this email, Mr. O'Finan informed me that he would repudiate our agreement, and was satisfied that Amazon (USA), Inc. was the "correct defendant." A true and correct copy of Mr. O'Finan's email repudiating his earlier agreement is also included as Exhibit "1."

4.      On November 14, 2019, I received an email from Austin Hansley, counsel for Plaintiff. The email stated that Plaintiff had completed service of

his original complaint on Amazon (USA), Inc. on October 21, 2019, and attached a signed affidavit of service. A true and correct copy of the email and affidavit of service is attached as Exhibit "2."

5.      Later on November 14, 2019, I received yet another email from Mr. O'Finan. This email stated, "I have attached the Amended Complaint. Look forward to seeing you in Court (in Waco)." The email attached Plaintiff's first amended complaint, naming Amazon, Inc. A true and correct copy of Mr. O'Finan's email is attached as Exhibit "3."

6.      On November 19, 2019, I sent Mr. O'Finan an email informing him that "Amazon, Inc." was not the Amazon.com entity that owned Twitch, but instead at one time may have provided services for Amazon's Japanese websites. I further informed Mr. O'Finan that neither jurisdiction nor venue would exist over Amazon, Inc. and that that entity had nothing whatsoever to do with the allegations in the case. A true and correct copy of my email is attached as Exhibit "4."

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed January 16, 2020, at Seattle, Washington.

_____/s/ Grant Kinsel_____
Grant Kinsel

# EXHIBIT 1

| | |
|---|---|
| **From:** | Paul O"Finan |
| **To:** | Kinsel, Grant E. (SEA) |
| **Cc:** | Austin Hansley |
| **Subject:** | Re: De La Vega v. Amazon |
| **Date:** | Thursday, November 14, 2019 12:40:23 PM |

Grant

After speaking with the members of the firmand the client, I am not authorized to move the case to the Austin Division.
We are satisfied that we have named the correct defendant.

Sincerely yours,


By: */s/ Paul W. O'Finan*

**HANSLEY LAW FIRM, PLLC**

Paul W. O'Finan

Texas Bar No.: 24027376

29 Ridge Road, Ste. 101 #530

Rockwall, Texas 75302

Telephone: (972) 528-9321 ext. 1001

Facsimile:  (972) 370-3559

Email: pofinan@hansleyfirm.com

www.hansleyfirm.com


On Thu, Nov 14, 2019 at 11:31 AM Paul O'Finan <pofinan@hansleyfirm.com> wrote:
Yes, I agree.

By: */s/ Paul W. O'Finan*

**HANSLEY LAW FIRM, PLLC**

Paul W. O'Finan

Texas Bar No.: 24027376

29 Ridge Road, Ste. 101 #530

Rockwall, Texas 75302

Telephone: (972) 528-9321 ext. 1001

Facsimile:  (972) 370-3559

Email: pofinan@hansleyfirm.com

www.hansleyfirm.com


On Thu, Nov 14, 2019 at 11:29 AM Kinsel, Grant E. (Perkins Coie)
<GKinsel@perkinscoie.com> wrote:

Paul,


Thank you for the call this morning. I appreciate your willingness to agree to our proposal. As we discussed and as you agreed, we will provide you with the proper defendant name, accept service of the complaint on behalf of our client, and agree not to move to dismiss for improper venue in exchange for your agreement to voluntarily transfer the case to the Austin division to be in front of Judge Albright. As I mentioned, we will prepare some proposed papers for your review.


If I've got something wrong here, please let me know.


Grant.


**Grant Kinsel** | **Perkins Coie LLP**

1201 Third Avenue Suite 4900

Seattle, WA 98101-3099

D. +1.206.359.3516

F. +1.206.359.9000

E. GKinsel@perkinscoie.com

---

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# EXHIBIT 2

| | |
|---|---|
| **From:** | Austin Hansley |
| **To:** | Kinsel, Grant E. (SEA) |
| **Cc:** | Paul O"Finan |
| **Subject:** | Re: De La Vega v. Amazon |
| **Date:** | Thursday, November 14, 2019 1:16:25 PM |
| **Attachments:** | 419826 signed affidavit of service.pdf |

Your registered agent already accepted service on October 21, 2019. See the attached summons return affidavit.


Best Regards,


By: */s/ Austin Hansley*

**HANSLEY LAW FIRM, PLLC**

Austin L. Hansley

Texas Bar No.: 24073081

2931 Ridge Rd.

STE 101 #530

Rockwall, Texas 75032

Telephone: (972) 528-9321 ext. 1000

Facsimile:  (972) 370-3559

Email: ahansley@hansleyfirm.com

www.hansleyfirm.com


On Thu, Nov 14, 2019 at 2:54 PM Kinsel, Grant E. (Perkins Coie)
<GKinsel@perkinscoie.com> wrote:
> To be clear, given that you now appear to be repudiating your agreement, we will no longer
> be accepting service of the complaint.
>
> Gk
>
> > On Nov 14, 2019, at 12:43 PM, Kinsel, Grant E. (SEA) <GKinsel@perkinscoie.com>
> wrote:
> >

_____

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

## AFFIDAVIT OF SERVICE

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**

Case #: 6:19-cv-00618

Gabriel De La Vega

Plaintiff

vs.

Amazon (USA), Inc.

Defendant

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all the times herein mentioned was a citizen of the United States, over the age of 18, not a party to nor interested in the above entitled action, is competent to be witness therein, and that I served copies of the:

### Summons & Plaintiff's Original Complaint; Exhibit A

PARTY SERVED: **AMAZON (USA), INC. C/O CORPORATION SERVICE COMPANY**

PERSON SERVED: **LYNANNE GARES , LITIGATION MANAGEMENT SERVICES LEADER**

METHOD OF SERVICE: **Corporate** - By leaving copies with the person identified above who stated they were authorized to accept service.

DATE & TIME OF DELIVERY: **10/21/2019 at 2:30 PM**

ADDRESS, CITY AND STATE:  **251 LITTLE FALLS DRIVE, WILMINGTON, DE 19808**

DESCRIPTION: **White, Female, 45, 5'6", 150 lbs, Brown hair**

I declare under penalties of perjury that the information contained herein is true and correct.

*Ramona Talvacchio*

Ramona Talvacchio
Malone Process Service LLC
PO Box 720040
Dallas, TX 75372
(877) 997-3783

SUBSCRIBED AND SWORN to before me on the 22nd day of October, 2019.

_____
NOTARY PUBLIC

JOSEPH TALVACCHIO JR
Notary Public
State of Delaware
My Commission Expires on May 14, 2023

# EXHIBIT 3

| | |
|---|---|
| **From:** | Paul O"Finan |
| **To:** | Kinsel, Grant E. (SEA) |
| **Cc:** | Austin Hansley |
| **Subject:** | Re: Answer is Overdue |
| **Date:** | Thursday, November 14, 2019 7:42:34 PM |
| **Attachments:** | image001.png |
| | Amended Complaint - file stamped.pdf |

Dear Grant

I have attached the Amended Complaint.
Look forward to seeing you in Court (in Waco)

Sincerely yours,

By: */s/ Paul W. O'Finan*

**HANSLEY LAW FIRM, PLLC**

Paul W. O'Finan

Texas Bar No.: 24027376

29 Ridge Road, Ste. 101 #530

Rockwall, Texas 75302

Telephone: (972) 528-9321 ext. 1001

Facsimile:  (972) 370-3559

Email: pofinan@hansleyfirm.com

www.hansleyfirm.com


On Thu, Nov 14, 2019 at 5:36 PM Kinsel, Grant E. (Perkins Coie) <GKinsel@perkinscoie.com> wrote:

> And just to be clear, below is a screen shot from the Delaware Secretary of State's office. The entity that you sued—whoever they are—were formed in 1985, long before the Internet. As I said below, we are not aware of who the entity that you named is, but we don't believe it is the correct Amazon. Your service is defective.
>
>
> Let me know how you want to proceed.
>
>
> Grant.

|  | Entity Details |
|---|---|

**THIS IS NOT A STATEMENT OF GOOD STANDING**

| File Number: | 2053010 | Incorporation Date / Formation Date: | 1/17/1985 (mm/dd/yyyy) |
|---|---|---|---|
| Entity Name: | AMAZON (USA) INC. | | |
| Entity Kind: | Corporation | Entity Type: | General |
| Residency: | Domestic | State: | DELAWARE |

**REGISTERED AGENT INFORMATION**

| Name: | UNITED STATES CORPORATION COMPANY | | |
|---|---|---|---|
| Address: | 251 LITTLE FALLS DRIVE | | |
| City: | WILMINGTON | County: | New Castle |
| State: | DE | Postal Code: | 19808 |
| Phone: | 302-636-5400 | | |

Additional Information is available for a fee. You can retrieve Status for a fee of $10.00 or more detailed information including current franchise tax assessment, current filing history and more for a fee of $20.00.

Would you like ○ Status ○ Status,Tax & History Information

[ Submit ]

[ View Search Results ]          [ New Entity Search ]

you to the help area.

---

**Grant Kinsel** | **Perkins Coie LLP**

1201 Third Avenue Suite 4900

Seattle, WA 98101-3099

D. +1.206.359.3516

F. +1.206.359.9000

E. GKinsel@perkinscoie.com

---

**From:** Kinsel, Grant E. (SEA)
**Sent:** Thursday, November 14, 2019 3:29 PM
**To:** 'Paul O'Finan' <pofinan@hansleyfirm.com>
**Cc:** Austin Hansley <ahansley@hansleyfirm.com>; 'jennifer.nall@bakerbotts.com'
<jennifer.nall@bakerbotts.com>

**Subject:** RE: Answer is Overdue


Dear Austin and Paul,


I was surprised to hear from Paul that he was turning his back on the agreement we had reached just this morning regarding correcting the named defendant and transferring the case for trial purposes to Austin. In litigation where it is important to be able to trust opposing counsel's word, this is an unfortunate way to begin.


I received the affidavit of service you sent this afternoon. But as I mentioned to Paul on the phone, we do not believe that the entity named in the complaint and identified on the service affidavit exists. To the best of our knowledge, there is no "Amazon (USA), Inc." But more to the point, Twitch and Amazon are different entities. Twitch is owned by Amazon. But it is an independent company, and as the Federal Circuit has long held, "[i]n the absence of evidence showing that the parent company either was an alter ego of the subsidiary or controlled the conduct of the subsidiary, we [have] refused to find [that the parent company committed] direct infringement [based solely on the subsidiary's infringing acts]." *Tegal Corp. v. Tokyo Electron Co.*, 248 F.3d 1376, 1379 (Fed. Cir. 2001). The complaint includes no allegations of alter ego or control sufficient to plead that Amazon could be liable for the supposedly infringing acts of Twitch.


But I assume the reason you've tried to name Amazon is not so much because Amazon adds anything substantive to your case—indeed it doesn't, as Twitch, not Amazon, is the entity that provides the app identified as the supposedly infringing device. Rather, I assume you've tried to name Amazon merely to try to establish venue in the Western District of Texas. Twitch has no offices in the Western District of Texas and so venue is improper under 1400(b) there. But as I told Paul, we are willing to consent to venue in the Western District of Texas and forgo a motion to dismiss for improper venue if you name the proper defendant—Twitch—and agree to an intra-district transfer to the Austin division and that the case be retained by Judge Albright.


I urge you to reconsider your repudiation of our prior agreement, as it is in both our interests for you to name the proper defendant and to avoid motion practice if possible. If you nevertheless decide to abandon our prior agreement, then please let me know by 6 pm CT (today) if you oppose a 30-day extension for us to prepare and file a motion to dismiss. Please let me know how you'd like to proceed.


Grant.

**Grant Kinsel** | *Perkins Coie LLP*

1201 Third Avenue Suite 4900

Seattle, WA 98101-3099

D. +1.206.359.3516

F. +1.206.359.9000

E. GKinsel@perkinscoie.com

**From:** Paul O'Finan <pofinan@hansleyfirm.com>
**Sent:** Thursday, November 14, 2019 2:19 PM
**To:** Kinsel, Grant E. (SEA) <GKinsel@perkinscoie.com>
**Cc:** Austin Hansley <ahansley@hansleyfirm.com>
**Subject:** Answer is Overdue

Grant

The Amazon Defendant's Answer was due on November 12, 2019.  It is two days late.  Are you going to request and move for an extension?

By: */s/ Paul W. O'Finan*

**HANSLEY LAW FIRM, PLLC**

Paul W. O'Finan

Texas Bar No.: 24027376

29 Ridge Road, Ste. 101 #530

Rockwall, Texas 75302

Telephone: (972) 528-9321 ext. 1001

Facsimile:  (972) 370-3559

Email: pofinan@hansleyfirm.com

www.hansleyfirm.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# EXHIBIT 4

| From: | Kinsel, Grant E. (SEA) |
|---|---|
| To: | "Paul O'Finan" |
| Cc: | Austin Hansley; jennifer.nall@bakerbotts.com |
| Subject: | RE: Answer is Overdue |
| Date: | Tuesday, November 19, 2019 1:44:00 PM |

Dear Paul,

We see that you've now filed an amended complaint, this time against "Amazon, Inc." As I told you during our call and in writing, the proper defendant in this case would be Twitch Interactive, Inc., and not an Amazon entity, as Twitch is a separate corporate entity and is not an alter ego of Amazon. In any case, as a matter of curtesy, the Amazon entity you named in your amended complaint does not own Twitch, and to the best of our understanding, (at least at one time) may have provided services for Amazon's Japanese websites. It is a Nevada corporation that is not subject to jurisdiction or venue in the Western District of Texas, and certainly has nothing whatsoever to do with the allegations in the amended complaint.

**Grant Kinsel** | **Perkins Coie LLP**
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3516
F. +1.206.359.9000
E. GKinsel@perkinscoie.com

**From:** Paul O'Finan <pofinan@hansleyfirm.com>
**Sent:** Thursday, November 14, 2019 9:13 PM
**To:** Kinsel, Grant E. (SEA) <GKinsel@perkinscoie.com>
**Cc:** Austin Hansley <ahansley@hansleyfirm.com>
**Subject:** Re: Answer is Overdue

Grant

We are not asking you to accept Service.  The Complaint was sent to you as a courtesy.

By: */s/ Paul W. O'Finan*
**HANSLEY LAW FIRM, PLLC**
Paul W. O'Finan
Texas Bar No.: 24027376
29 Ridge Road, Ste. 101 #530
Rockwall, Texas 75302
Telephone: (972) 528-9321 ext. 1001
Facsimile:  (972) 370-3559
Email: pofinan@hansleyfirm.com
www.hansleyfirm.com

On Thu, Nov 14, 2019 at 9:52 PM Kinsel, Grant E. (Perkins Coie) <GKinsel@perkinscoie.com> wrote:

As I mentioned, I am not authorized to accept service.

Gk

> On Nov 14, 2019, at 7:42 PM, Paul O'Finan <pofinan@hansleyfirm.com> wrote:

Dear Grant

I have attached the Amended Complaint.
Look forward to seeing you in Court (in Waco)

Sincerely yours,

By: */s/ Paul W. O'Finan*
**HANSLEY LAW FIRM, PLLC**
Paul W. O'Finan
Texas Bar No.: 24027376
29 Ridge Road, Ste. 101 #530
Rockwall, Texas 75302
Telephone: (972) 528-9321 ext. 1001
Facsimile:  (972) 370-3559
Email: pofinan@hansleyfirm.com
www.hansleyfirm.com

On Thu, Nov 14, 2019 at 5:36 PM Kinsel, Grant E. (Perkins Coie)
<GKinsel@perkinscoie.com> wrote:

And just to be clear, below is a screen shot from the Delaware Secretary of
State's office. The entity that you sued—whoever they are—were formed
in 1985, long before the Internet. As I said below, we are not aware of who
the entity that you named is, but we don't believe it is the correct Amazon.
Your service is defective.

Let me know how you want to proceed.

Grant.

**Grant Kinsel** | **Perkins Coie LLP**
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3516
F. +1.206.359.9000
E. GKinsel@perkinscoie.com

---

**From:** Kinsel, Grant E. (SEA)
**Sent:** Thursday, November 14, 2019 3:29 PM
**To:** 'Paul O'Finan' <pofinan@hansleyfirm.com>
**Cc:** Austin Hansley <ahansley@hansleyfirm.com>; 'jennifer.nall@bakerbotts.com'
<jennifer.nall@bakerbotts.com>
**Subject:** RE: Answer is Overdue

Dear Austin and Paul,

I was surprised to hear from Paul that he was turning his back on the
agreement we had reached just this morning regarding correcting the
named defendant and transferring the case for trial purposes to Austin. In
litigation where it is important to be able to trust opposing counsel's word,
this is an unfortunate way to begin.

I received the affidavit of service you sent this afternoon. But as I
mentioned to Paul on the phone, we do not believe that the entity named
in the complaint and identified on the service affidavit exists. To the best
of our knowledge, there is no "Amazon (USA), Inc." But more to the point,
Twitch and Amazon are different entities. Twitch is owned by Amazon.
But it is an independent company, and as the Federal Circuit has long
held, "[i]n the absence of evidence showing that the parent company either
was an alter ego of the subsidiary or controlled the conduct of the
subsidiary, we [have] refused to find [that the parent company committed]
direct infringement [based solely on the subsidiary's infringing acts]."
*Tegal Corp. v. Tokyo Electron Co.*, 248 F.3d 1376, 1379 (Fed. Cir. 2001). The
complaint includes no allegations of alter ego or control sufficient to plead
that Amazon could be liable for the supposedly infringing acts of Twitch.

But I assume the reason you've tried to name Amazon is not so much
because Amazon adds anything substantive to your case—indeed it
doesn't, as Twitch, not Amazon, is the entity that provides the app
identified as the supposedly infringing device. Rather, I assume you've
tried to name Amazon merely to try to establish venue in the Western

District of Texas. Twitch has no offices in the Western District of Texas and so venue is improper under 1400(b) there. But as I told Paul, we are willing to consent to venue in the Western District of Texas and forgo a motion to dismiss for improper venue if you name the proper defendant—Twitch—and agree to an intra-district transfer to the Austin division and that the case be retained by Judge Albright.

I urge you to reconsider your repudiation of our prior agreement, as it is in both our interests for you to name the proper defendant and to avoid motion practice if possible. If you nevertheless decide to abandon our prior agreement, then please let me know by 6 pm CT (today) if you oppose a 30-day extension for us to prepare and file a motion to dismiss. Please let me know how you'd like to proceed.

Grant.

**Grant Kinsel** | **Perkins Coie LLP**
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3516
F. +1.206.359.9000
E. GKinsel@perkinscoie.com

**From:** Paul O'Finan <pofinan@hansleyfirm.com>
**Sent:** Thursday, November 14, 2019 2:19 PM
**To:** Kinsel, Grant E. (SEA) <GKinsel@perkinscoie.com>
**Cc:** Austin Hansley <ahansley@hansleyfirm.com>
**Subject:** Answer is Overdue

Grant

The Amazon Defendant's Answer was due on November 12, 2019.  It is two days late.  Are you going to request and move for an extension?

By: _/s/ Paul W. O'Finan_
**HANSLEY LAW FIRM, PLLC**
Paul W. O'Finan
Texas Bar No.: 24027376
29 Ridge Road, Ste. 101 #530
Rockwall, Texas 75302
Telephone: (972) 528-9321 ext. 1001
Facsimile:  (972) 370-3559
Email: pofinan@hansleyfirm.com

[www.hansleyfirm.com](www.hansleyfirm.com)

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

<Amended Complaint - file stamped.pdf>

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

GABRIEL DE LA VEGA,

*Plaintiff,*

vs.

AMAZON (USA), Inc.,

*Defendant.*

**No. 6:19-CV-00618-ADA**

**Jury Trial Demanded**

## ORDER GRANTING MOTION TO INTERVENE AND STRIKE

Before the Court is Twitch Interactive, Inc.'s ("Twitch") Motion to Intervene and Strike (the "Motion"), whereby Twitch seeks to permissively intervene under Federal Rule of Civil Procedure 24(b) and to strike Plaintiff's First Amended Complaint (filed on November 14, 2019) and Second Amended Complaint (filed on November 22, 2019) pursuant to Federal Rule of Civil Procedure 15(a)(2). After full consideration of the matter, including any opposition or reply thereto, the Court hereby GRANTS the Motion as follows:

IT IS HEREBY ORDERED THAT Plaintiff's First and Second Amended Complaints are hereby stricken. The Court further orders that within 10 days of the date of this Order, Plaintiff shall either (1) file and serve an amended complaint naming Twitch as the sole defendant in this action, or (2) dismiss its

complaint. The Court further orders that to the extent Plaintiff files and serves an amended complaint naming Twitch, this matter shall be retained on the Court's docket in the Austin Division of the Western District of Texas and set for trial in the regular course in Austin. Finally, to the extent Plaintiff files and serves an amended complaint naming Twitch, the Court will set a Rule 16 conference to coincide with the Rule 16 conferences in matters 19-cv-00612ADA, 19-cv-00617ADA, and 19-cv-00614ADA.


Dated: _____          _____

                                UNITED STATES DISTRICT JUDGE